Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/21/2026 12:07 AM CDT

- 372 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
WRIGHT v. G & G SHEET METAL CO.
Cite as 34 Neb. App. 372

Nanette J. Wright, appellant, v. G & G Sheet Metal
Company and Richard Greb, appellees.

___ N.W.3d ___

Filed July 14, 2026.    No. A-25-436.

1. **Jurisdiction: Pleadings: Appeal and Error.** When an appellate court reviews a trial court's decision based on a factual challenge to standing, it reviews any factual findings under the clearly erroneous standard but reviews the ultimate standing determination de novo, because it presents a question of law.

2. **Corporations: Actions: Parties.** As a general rule, a shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property. Such a cause of action is in the corporation and not the shareholders.

3. **Corporations: Derivative Actions: Parties.** The right of a shareholder to sue is derivative in nature and normally can be brought only in a representative capacity for the corporation.

4. **Standing: Derivative Actions.** Standing to bring a derivative claim requires that a shareholder held shares at the time of the alleged wrongdoing.

5. **Corporations: Actions: Parties.** It is only where the injury to the plaintiff's stock is peculiar to him or her alone, such as in an action based on a contract to which the shareholder is a party, or on a fraud affecting him or her directly, and does not fall alike upon other shareholders, that the shareholder may recover as an individual.

6. **Corporations: Stock.** Diminution in the value of the stock is a direct injury to the corporation and only an indirect or incidental injury to an individual shareholder.

7. **Corporations: Derivative Actions: Debtors and Creditors.** In the case of a closely held corporation, a court in its discretion may permit an individual recovery to the plaintiff in an action raising derivative claims, if it finds that to do so will not unfairly expose the corporation or defendants to a multiplicity of actions, materially prejudice the interests

- 373 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
WRIGHT v. G & G SHEET METAL CO.
Cite as 34 Neb. App. 372

of creditors of the corporation, or interfere with a fair distribution of the recovery among all interested persons.

Appeal from the District Court for Lancaster County: Jodi L. Nelson, Judge. Affirmed.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., L.L.O., for appellant.

Christina L. Usher and J.L. Spray, of Mattson Ricketts Law Firm, L.L.P., for appellees.

Riedmann, Chief Judge, and Bishop and Freeman, Judges.

Riedmann, Chief Judge.

## INTRODUCTION

Nanette J. Wright, a minority shareholder of G & G Sheet Metal Company (G & G), a closely held corporation, brought this claim for breach of fiduciary duty against the majority shareholder, Richard Greb. The action sought damages for diminution in the value of Wright's stock caused by Greb's alleged self-dealing. After a bench trial, the district court for Lancaster County denied Wright's claim. Although Wright raises various issues on appeal, the fundamental question presented is whether she had standing to bring her claim.

## BACKGROUND

Wright and Greb are siblings. Their father, Ralph Greb (Ralph), incorporated G & G in 1971. G & G issued 1,000 shares of stock. Over the span of multiple years, Ralph transferred shares of G & G to Greb and Greb's wife.

Ralph died in December 2010. At the time of his death, Ralph owned 301 shares of G & G stock. Greb owned approximately 579 shares, and his wife owned 120 shares.

Ralph's will bequeathed his remaining shares to Wright and Greb, to be divided equally between them. The value of each sibling's portion of the shares as of the date of Ralph's death was $154,064.90. These shares became an asset of

- 374 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
WRIGHT v. G & G SHEET METAL CO.
Cite as 34 Neb. App. 372

Ralph's estate, and First Nebraska Trust Company (FNTC) was retained to serve as personal representative.

An interpleader action was filed against the estate in 2014. This action was a dispute over share ownership among the estate, Wright's creditors, and Wright. FNTC also filed a separate action requesting direction from the court on how to distribute the disputed shares and other assets originally intended for Wright. These complaints were eventually consolidated into one matter.

While litigation was ongoing, Greb and his wife continued to operate G & G and undertook various actions through the corporation. Those actions that are relevant here include a substantial loan made in February 2011 to Volatus Corporation, a corporation owned by Greb and his wife, and two "officer loans" made to Greb and his wife individually in August 2011.

Wright's portion of Ralph's G & G shares were assigned and issued to FNTC, and it became a record shareholder in November 2012. However, as a result of the interpleader complaints, FNTC assigned the disputed shares to the district court for Lancaster County in January 2015. The estate was subsequently closed in June.

The 2014 interpleader action was resolved pursuant to a settlement agreement. Per that agreement, Wright assigned her interest in the disputed shares to one of her creditors.

Nonetheless, there was still disagreement as to the ownership of these shares, and Wright's creditor filed an action in 2019 seeking a declaratory judgment as to her right to the issuance of the disputed shares. This action was resolved by another settlement agreement entered into in March 2021 between the creditor, a company that claimed to have purchased the creditor's stock rights, and Wright. The parties agreed to convey any interest, actual or alleged, that they had in these shares to Wright.

As a result of this agreement, G & G was ordered by the district court to issue the disputed shares to Wright and she

- 375 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
WRIGHT v. G & G SHEET METAL CO.
Cite as 34 Neb. App. 372

became a record shareholder of G & G for the first time on August 27, 2021.

G & G was dissolved in December 2021. The value of Wright's shares at that time was $46,773.92. According to the corporation's books and records, the officer loans, including interest, were paid back in full before dissolution of G & G, albeit partially by Greb's assignment of a potentially uncollectable promissory note. However, the Volatus Corporation loan was written off as uncollectable on G & G's 2016 tax documents pursuant to a vote at the January 2017 annual shareholders meeting.

Wright filed this action in April 2022, claiming she was entitled to damages because Greb had breached his fiduciary duty as majority shareholder toward her as minority shareholder. She alleged Greb breached this duty by failing to liquidate G & G upon Ralph's death; using G & G's funds for personal use, "including loaning himself money or using the cash for personal business ventures or unreasonable ventures unrelated to the business of [G & G]"; utilizing his role as an officer of G & G to forgive the debt that he owed the company; and engaging in "other financial self-dealings which resulted in the loss of the liquidation value of [G & G]."

Wright's complaint additionally alleged that, because of Greb's breach of fiduciary duty, G & G's assets lost value which "proximately resulted" in the reduction of the liquidation value of Wright's interest in the corporation. She requested the court award her damages for the difference between the value of her stock interest at the time of Ralph's death and its value at the time of G & G's dissolution. She also prayed for other relief the court deemed just and equitable.

A bench trial was held primarily upon stipulated facts, after which the district court entered an order dismissing Wright's complaint. The order explained that Wright had no right to recover for claims which accrued before she became a shareholder of G & G and that her claims were nonetheless barred

- 376 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
WRIGHT v. G & G SHEET METAL CO.
Cite as 34 Neb. App. 372

by the applicable statute of limitations, to which no equitable tolling would apply. Wright now appeals.

## ASSIGNMENTS OF ERROR

Wright assigns, restated, that the district court erred by (1) finding that she lacked standing to pursue a claim for damages against Greb because the alleged causes of action arose before she became a shareholder, (2) finding that the statute of limitations otherwise barred her claim, (3) failing to consider her claim for other equitable relief, and (4) failing to find that Greb was liable to her for money damages for the loss in value of her inheritance.

## STANDARD OF REVIEW

[1] If a challenge to standing is raised after the pleading stage, and the trial court holds an evidentiary hearing and reviews evidence outside of the pleadings, it is considered a "factual challenge." See *Johnson v. City of Omaha*, 319 Neb. 402, 23 N.W.3d 420 (2025). When an appellate court reviews a trial court's decision based on a factual challenge to standing, it reviews any factual findings under the clearly erroneous standard but reviews the ultimate standing determination de novo, because it presents a question of law. *Id*.

Here, the district court received evidence on the issue of standing but made no express factual findings or rulings on the issue. We therefore proceed to conduct a de novo review of the court's implicit decision that Wright lacked standing to bring this action. See *id*.

## ANALYSIS

Wright assigns the district court erred by finding that she lacked standing to pursue a claim for damages against Greb for claims that arose before she became a shareholder of G & G. She argues the court's conclusion was grounded upon Neb. Rev. Stat. § 21-276 (Reissue 2022). Section 21-276 provides, in relevant part, that to have standing, a plaintiff in a derivative action must show he or she "[w]as a shareholder of the

- 377 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
WRIGHT v. G & G SHEET METAL CO.
Cite as 34 Neb. App. 372

corporation at the time of the act or omission complained of or became a shareholder through transfer by operation of law from one who was a shareholder at that time." This requirement is often known as the contemporaneous ownership rule. See, e.g., 13 William Meade Fletcher et al., Fletcher Cyclopedia of Corporations § 5981 (perm. ed. rev. vol. 2021). Wright argues, however, that this is not a derivative action and therefore the statute is inapplicable.

In Greb's written closing argument, he agreed that the action was not a derivative one. He argued that Wright's sole claim against Greb was breach of fiduciary duty to her and that duty could only arise once she became a shareholder. Alternatively, he argued that "even if this action were deemed a derivative action, [Wright] would lack standing to complain about actions taken prior to her becoming a shareholder" and cited § 21-276.

The district court's order states only "[Wright] does not have the right to recover damages for claims that accrued before she became a shareholder," and it makes no reference to § 21-276 or any factual findings. Despite Greb's argument that no duty existed, Wright clearly interprets the court's language to mean that it found she lacked standing to bring her claim against Greb; therefore, we address Wright's assigned error as it relates to standing. Thereafter, because it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it and standing is a jurisdictional component of a party's case, we analyze standing through a broader lens beyond Wright's arguments. See *Johnson, supra* (addressing standing sua sponte).

*Applicable Principles of Standing.*

Standing requires that a litigant have a personal stake in the outcome of a controversy that warrants invocation of a court's jurisdiction and justifies exercise of the court's remedial powers on the litigant's behalf. *Lindsay v. Fitl*, 293 Neb. 677, 879 N.W.2d 385 (2016). To have standing, a litigant

- 378 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
WRIGHT v. G & G SHEET METAL CO.
Cite as 34 Neb. App. 372

must assert its own rights and interests and demonstrate an injury in fact, which is concrete in both a qualitative and temporal sense. *Id*.

[2-4] As a general rule, a shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property. *Trieweiler v. Sears*, 268 Neb. 952, 689 N.W.2d 807 (2004). Such a cause of action is in the corporation and not the shareholders. *Id*. The right of a shareholder to sue is derivative in nature and normally can be brought only in a representative capacity for the corporation. *Id*. By statute, standing to bring a derivative claim requires that a shareholder held shares at the time of the alleged wrongdoing. See § 21-276.

[5,6] It is only where the injury to the plaintiff's stock is peculiar to him or her alone, such as in an action based on a contract to which the shareholder is a party, or on a fraud affecting him or her directly, and does not fall alike upon other shareholders, that the shareholder may recover as an individual. *Trieweiler, supra*. Diminution in the value of the stock is a direct injury to the corporation and only an indirect or incidental injury to an individual shareholder. See *Meyerson v. Coopers & Lybrand*, 233 Neb. 758, 448 N.W.2d 129 (1989).

*Analysis of Wright's Claims.*

Here, Wright's complaint identified both Greb and G & G as defendants, but Wright never served process upon G & G. She claimed that Greb was the majority shareholder and that he breached his fiduciary duty toward her as a minority shareholder by engaging in self-dealing. She alleged that due to Greb's self-dealing, the value of the stock decreased, resulting in a loss in the liquidation value of Wright's interest in G & G that was to pass to her through their father's estate.

Although Wright argues that her claims are not derivative, they are based solely upon the majority/minority shareholder dichotomy of a corporation. She does not assert that it is

- 379 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
WRIGHT v. G & G SHEET METAL CO.
Cite as 34 Neb. App. 372

excluded as a derivative action based upon an injury to her distinct from that of G & G itself or upon a separate contract. See *Trieweiler, supra*. Rather, because it appears that any alleged wrongdoing by Greb would have devalued all the corporate stock and therefore affected all shareholders, Wright's claims "[are] derivative in nature." See *Trieweiler*, 268 Neb. at 968, 689 N.W.2d at 828. See, also, *Meyerson, supra*.

The sole argument Wright makes on appeal related to standing is that this "was not a shareholder's derivative suit for misconduct or breach of duty by the Company." Brief for appellant at 8. She instead asserts she "was pursuing the Claim against [Greb], personally for the damages *he* caused to [her] by *his self-dealing* in the Company assets." *Id*. (emphasis in original). Accordingly, Wright contends that the provisions of the Nebraska Model Business Corporation Act, Neb. Rev. Stat. §§ 21-201 to 21-2,232 (Reissue 2022), including § 21-276, are irrelevant here. She makes no alternate argument that, if applicable, an exception to the contemporaneous ownership rule would apply.

We observe that Wright attempts to characterize her action as wholly unrelated to G & G in order to distinguish it from a derivative action. However, the singular reason Greb would have owed Wright a fiduciary duty is because of their status as shareholders of G & G. She identified Greb in her complaint as the controlling majority shareholder and officer of G & G and predicated his alleged breach on actions he took in that capacity; Greb's duty arises only under the corporation. Thus, the corporation cannot be ignored in resolving her claim, and the corporate statutory scheme is relevant.

Based solely upon Wright's arguments, she has failed to establish her claims are not derivative or that the requirement of contemporaneous ownership is inapplicable. However, because we have an independent duty to determine whether a plaintiff has standing, we next analyze the issue through a broader lens.

- 380 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
WRIGHT v. G & G SHEET METAL CO.
Cite as 34 Neb. App. 372

*Applicable Nebraska Law.*

Wright argues that her legal claims are not derivative, stating:

> If this were truly a shareholders derivat[ive] suit on behalf of the shareholders [Wright] would, in effect[,] be suing the Company for something [Greb] and [Greb] alone did to restore value to [Greb's] shares — something the evidence shows would be absurd in this case, as [Greb] received all the value of his shares.

Reply brief for appellant at 3-4. But what Wright describes is exactly the type of action the Nebraska Supreme Court recognized in *Trieweiler v. Sears*, 268 Neb. 952, 689 N.W.2d 807 (2004), and *Anderson v. Clemens Mobile Homes*, 214 Neb. 283, 333 N.W.2d 900 (1983).

In *Trieweiler, supra*, the Supreme Court recognized an exception to the requirement that in a derivative proceeding, the plaintiff acts in a representative capacity for the corporation, and any recovery is obtained in the name of the corporation. Typically, it is only where the injury to the plaintiff's stock is peculiar to him or her alone, and does not fall alike upon other shareholders, that the shareholder may recover as an individual. See *id.* However, the Supreme Court explained that

> in the case of a closely held corporation, a court in its discretion may permit an individual recovery to the plaintiff in an action raising derivative claims, if it finds that to do so will not unfairly expose the corporation or defendants to a multiplicity of actions, materially prejudice the interests of creditors of the corporation, or interfere with a fair distribution of the recovery among all interested persons.

*Id.* at 983, 689 N.W.2d at 838. See, also, *Anderson, supra* (allowing plaintiff to maintain proceeding in his own name despite bringing derivative claims because corporation was closely held).

The rationale behind this exception is that closely held corporations may be treated, in effect, as incorporated partnerships, and a significant difference in legal treatment is

- 381 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
WRIGHT v. G & G SHEET METAL CO.
Cite as 34 Neb. App. 372

unwarranted, as the concept of a corporate injury that is distinct from any injury to the shareholders approaches the fictional in the case of a firm with only a handful of shareholders. See *Trieweiler, supra.*

[7] In recognizing an exception for closely held corporations, the *Trieweiler* court cited 2 American Law Institute, Principles of Corporate Governance: Analysis and Recommendations § 7.01(d) at 17 (1994), which states:

> In the case of a closely held corporation . . . the court in its discretion may treat an action raising derivative claims as a direct action, exempt it from those restrictions and defenses applicable only to derivative actions, and order an individual recovery, if it finds that to do so will not (i) unfairly expose the corporation or defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested parties.

Upon our de novo review, we find that at this stage of the litigation the criteria of the closely held corporation exception are met. There is no indication in the record that permitting Wright a direct recovery would lead to a multiplicity of actions or interfere with a fair distribution of any recovery among interested parties, as the only other shareholders are Greb and his wife, who both benefited from the alleged wrongdoing. Nor does the record suggest that there are creditors of the corporation.

Wright makes no mention of the closely held corporation exception on appeal and does not rely upon it to support her position. She does, however, argue the contemporaneous ownership requirement of § 21-276 is not applicable to her claim because it is a direct suit. But even if we were to classify Wright's action as direct under the exception for closely held corporations, Wright provides us with no authority to support her conclusion that the requirement is inapplicable.

Our research uncovered no binding authority that resolves the question of whether Wright is exempt from

- 382 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
WRIGHT v. G & G SHEET METAL CO.
Cite as 34 Neb. App. 372

the contemporaneous ownership requirement if her claim is treated as a direct action for purposes of her individual recovery. Rather, it reveals that "[t]here is a sharp conflict of authority on the right of a stockholder to maintain a non-derivative action based on a cause of action which arose prior to the time when he acquired his stock." Annot., 172 A.L.R. 512, 513-14 (1948).

We recognize the American Law Institute rule referenced by the *Trieweiler* court states that "[i]n the case of a closely held corporation . . . the court in its discretion may treat an action raising derivative claims as a direct action, [and] *exempt it from those restrictions and defenses applicable only to derivative actions*." § 7.01(d) at 17 (emphasis supplied). The comments to § 7.01 imply, however, that the phrase "restrictions and defenses" refers to procedural requirements of derivative actions. One comment states "the procedural rules often applicable to derivative actions—such as a requirement that the plaintiff shareholder post a security-for-expenses bond—often make little sense in the context of a dispute between persons who are effectively incorporated partners." § 7.01, comment *e* at 20. The comment further explains that in closely held corporations, "[t]he chief consequence of characterizing an action as direct will be to exempt the plaintiff from those procedural requirements—for example, demand, security for expenses, verification of the complaint—that many jurisdictions apply only to derivative actions." *Id*. at 21.

Based upon the comments to the American Law Institute section, we conclude that the exemption of these "restrictions and defenses" under the closely held corporation exception dispenses with the procedural requirements particular to derivative suits and not the requirement of contemporaneous ownership of stock at the time of the alleged wrongdoing. See § 7.01(d) at 17. Moreover, in *Trieweiler v. Sears*, 268 Neb. 952, 982, 689 N.W.2d 807, 837 (2004), the Supreme Court "recognized that an action raising a derivative claim may, in the case of a closely held corporation, be treated as a direct

- 383 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
WRIGHT v. G & G SHEET METAL CO.
Cite as 34 Neb. App. 372

action for purposes of recovering damages." Because the claims being brought are still derivative in nature, we conclude that the requirement of contemporaneous stock ownership remains under the closely held corporation exception.

Wright does not dispute that if this were a derivative claim the contemporaneous ownership rule would apply. She posits that § 21-276 "simply provides that a shareholder cannot bring such a suit for conduct engaged in by the company before the party became a shareholder. Makes sense. Why should a newcomer be able to pursue costly litigation for something that happened before the party had any interest in the company?" Reply brief for appellant at 3 (emphasis omitted). But this same question can be asked when a shareholder of a closely held corporation seeks individual recovery for a derivative type claim—why should a newcomer be able to pursue costly litigation for something that happened before the party became a shareholder? The answer in both situations appears to be the same—they should not be allowed to do so.

Based on our de novo review, we determine that Wright's action raising derivative claims, even if treated as direct under the closely held corporation exception, requires contemporaneous ownership of the stock at the time of the alleged wrongdoing. Because Wright was not a shareholder at the time of Greb's allegedly wrongful acts, she lacked standing to bring this action. See § 21-276.

*Remaining Assignments of Error.*

Because we determine that Wright lacked standing to bring this action, we need not address her remaining assigned errors. See *Nore Electric v. S & H Holdings*, 316 Neb. 197, 3 N.W.3d 895 (2024) (stating appellate court not obligated to engage in analysis unnecessary to adjudicate case and controversy before it).

CONCLUSION

For the above reasons, we affirm the order of the district court.

AFFIRMED.